IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-48-KS

| | | |
|---|---|---|
| ELIZABETH BELLEW CANTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 18 & 20], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff Elizabeth Bellew Cantrell filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability and disability insurance benefits. The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On November 18, 2015, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings and remands the matter to the Commissioner for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability, disability insurance benefits and supplemental security income on August 8, 2011, alleging disability beginning April 24, 2011. (Tr. 110, 125, 194.) The application was denied initially and upon reconsideration, and a request for hearing

was filed. (Tr. 96, 110, 125.) On August 22, 2013, a hearing was held before Administrative Law Judge Edward Seery ("ALJ"), who issued an unfavorable ruling on November 13, 2013. (Tr. 12-20.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). ). "Judicial review of an administrative

decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983).

**II.     Disability Determination Process**

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy.   *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999).   The burden of proof and production during the first four steps of the inquiry rests on the claimant.   *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).   At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform.   *Id.*

**III.    ALJ's Findings**

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act.   (Tr. 19.)   At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since April 24, 2011.   (Tr. 14.)   Next, he determined that Plaintiff had the following severe impairment:  Behcet's disease.  (Tr. 14.)   Additionally, the ALJ determined Plaintiff had the following non-severe impairment: anxiety.   (Tr. 14.)   At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.   (Tr. 14-15.)

3

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the capacity to perform the full range of light work. (Tr. 15.) The ALJ further determined that Plaintiff was capable of performing her past relevant work as "an account executive at newspaper, waitress, and operations manager for real estate book." (Tr. 19.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on three grounds. Plaintiff first contends that the ALJ erred by failing to consider whether Plaintiff's impairments met Listing 14.03 for Behcet's disease, a form of systemic vasculitis. Second, Plaintiff asserts that the ALJ improperly evaluated Plaintiff's credibility. Lastly, Plaintiff alleges that the ALJ improperly evaluated statements of her treating physicians.

### a. Listing 14.03

In determining whether a listing is met or equaled, an ALJ must consider all evidence in the case record about the claimant's impairments and their effects on the claimant. 20 C.F.R. § 404.1526(c). Where a claimant has a severe impairment and the record contains evidence that symptoms related to the impairment "correspond to some or all of the requirements of a listing," it is incumbent upon the ALJ to identify the listing and to compare the claimant's symptoms to each of the listing's requirements. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir.1986). While it may not always be necessary for the ALJ to perform a "step-by-step" analysis of the listing's criteria, the ALJ must evaluate the claimant's symptoms in light of the specified medical criteria and explain his rationale. *Williams v. Astrue*, No. 5:11–CV–409–D, 2012 WL 4321390 (E.D.N.C. Sept. 20, 2012). An ALJ's failure to compare a claimant's symptoms to the relevant listings or to explain, other than in a summary or conclusory fashion, why the claimant's

4

impairments do not meet or equal a listing "makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013); *see also Cook*, 783 F.2d at 1173.

Listing 14.03 is the listing applicable to Behcet's disease. 20 C.F.R. Part 404, Subpt. P, App. 1, § 14.03; (Tr. 403). To merit a conclusive presumption of disability under Listing 14.03, a claimant must demonstrate systemic vasculitis with

    A. Involvement of two or more organs/body systems, with:

        1. One of the organs/body systems involved to at least a moderate level of severity; and

        2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

    or

    B. Repeated manifestations of systemic vasculitis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:

        1. Limitation of activities of daily living.

        2. Limitation in maintaining social functioning.

        3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Part 404, Subpt. P, App. 1, § 14.03. "A claimant need not show that each symptom was present . . . simultaneously" or in close proximity to each other. *Radford*, 734 F.3d at 294. Rather, it is sufficient if the claimant shows "that he experienced the symptoms 'over a period of time,' as evidenced by 'a record of ongoing management and evaluation.'" *Id.* (quoting 20 C.F.R. Part 404, Subpt. P, 1.00D).

In this case, the ALJ made a conclusory determination that Plaintiff's impairments, considered singly and in combination, "do not meet listing severity, and no acceptable medical

5

source has mentioned findings equivalent in severity to the criteria of any listed impairment." (Tr. 15.) At no point did the ALJ discuss Listing 14.03 or any other listing. As a consequence, his decision is completely devoid of any reasoning to support his determination that Plaintiff's impairments do not meet or equal a listing. Despite the ALJ's assessment, there exists in the record evidence that Plaintiff meets some or all of the requirements of Listing 14.03. Plaintiff's Behcet's has had neurological involvement, as well as involvement with her mucosa of the mouth and genitals. Lesions have been found in her brain and on her spinal cord (Tr. 338-40, 395-96, 570, 580, 612, 643-46), and she has had paresthesias and numbness (Tr. 564, 626, 720), headaches (Tr. 322, 337, 355, 447, 531,), weakness (Tr. 322, 367, 402, ), facial drooping (Tr. 422, ), and reoccurring vision problems (Tr. 320, 322, 329, 346, 366, 402, 453-54, 460, 462). Regarding Plaintiff's mucosal involvement, there are repeated entries in the medical record that Plaintiff suffers from both mouth and genital ulcerations. (Tr. 314, 328, 357, 402, 423, 531-33, 572, 575, 590, 631, 728, 745). Moreover, there is evidence in the record that because of her treatment using Remicade, Plaintiff's immune system is chronically immunocompromised and that because of this she has contracted tuberculosis. (Tr. 423, 474, 724, 749, 754.) Thus, it appears that Plaintiff may have two if not three body systems that are involved with Plaintiff's Behcet's disease.

Moreover, Plaintiff's doctors have noted that Plaintiff's Behcet's syndrome is severe. One physician, Dr. Kara Martin, stated that Plaintiff has "severe CNS Behcet's syndrome" with "marked CNS involvement." (Tr. 430, 433, 475.) Additionally, Dr. Helen E. Harmon noted that Plaintiff suffered from "severe disease, rather than mild to moderate disease." (Tr. 406.) Plaintiff has also suffered from constitutional symptoms due to Behcet's, such as severe fatigue, malaise with diffuse athralgias and myalgias, and sometimes fever. (Tr. 320, 329, 337, 430, 446, 501, 508, 534, 552-53, 564, 572-73, 590, 612, 720, 728, 745, 749, 751.)

Additionally, Plaintiff has presented evidence that she has suffered repeated manifestations of systemic vasculitis. She has been in the hospital for extended periods of time at least twice, once when she was diagnosed and once when she had a flare that resulted in new lesions on her spine. (Tr. 328, 338, 580, 608, 612, 621.) Not only has she had been hospitalized twice due to complications with her Behcet's, but Plaintiff also suffers from cycles of mouth and genital ulcers one to two weeks before her Remicade infusions. (Tr. 716, 728, 743.) The ALJ did not address the limitations concerning activities of daily living, social functioning, or concentration persistence and pace. However, there is evidence in the record that Plaintiff's daily activities are limited due to her fatigue and that Plaintiff is unable to participate in social situations in which there are crowds because of her immune system being compromised. (Tr. 38-40, 45-46, 50-54, 57-58, 752, 754.)

Because there is ample evidence in the record regarding Listing 14.03, it was error for the ALJ not to consider and discuss whether Plaintiff's impairments meet or equal the criteria set forth therein. Accordingly, this case must be remanded to the Commissioner for further consideration.

**b.    Remaining Challenges**

Plaintiff also asserts that the ALJ erred in assessing her credibility and Dr. Coward's medical opinion. (Pl.'s Mem. at 12-15.) Because this case is being remanded for further consideration of Listing 14.03, there exists a substantial possibility that the Commissioner's findings may be different on remand. Accordingly, the court expresses no opinion as to Plaintiff's remaining assignments of error.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #18] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #20] is DENIED and the

7

Case 4:15-cv-00048-KS   Document 31   Filed 03/16/16   Page 7 of 8

case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 16th day of March 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge